## Mary Ellis *v.* George A. Rice, Appellant.

*Landlord and tenant—Rent—Payment in advance—Lease—Conduct of parties.*

It is not necessary that a lease shall expressly declare that the rent shall be paid in advance if it appears from the language of the instrument and the conduct of the parties that the intention was that the rent should be so payable.

Argued Feb. 7, 1900. Appeal, No. 161, Jan. T., 1900, by defendant, from order of C. P. Chester Co., Jan. T., 1900, No. 60, discharging rule to open judgment. Before GREEN, C. J., MC-COLLUM, MITCHELL, DEAN and BROWN, JJ. Affirmed.

Rule to open judgment.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the rule to open judgment.

*R. T. Cornwell,* with him *Wayne P. Rambo, John J. Gheen* and *Gibbone Gray Cornwell,* for appellant.—The lease does not require that the monthly payments or rent shall be in advance, and there was no default.

Under the circumstances here presented equity will relieve against the forfeiture : Hughs v. Lillibridge, 8 Dist. Rep. 358; Wick v. Bredin, 189 Pa. 83; Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Thompson v. Christie, 138 Pa. 230; Miller v. Chester Slate Co., 129 Pa. 81; Hoch v. Bass, 133 Pa. 328; Benz v. Langan, 5 Northam, 139; Com. v. Sheriff of Phila. County, 3 Brewster, 537.

*J. Frank E. Hause,* for appellee.—By the terms of the lease the rent is payable in advance on the first day of each month, beginning with the first day of November, 1899 : Wood on Landlord and Tenant, sec. 450.

It is entirely proper to ascertain what the conduct of the parties was with respect to the payment of the rent in order to determine their own construction of the language used : Straus v. Wanamaker, 175 Pa. 232; Wright v. Gas Co., 2 Pa. Superior Ct. 219 ; Giles v. Comstock, 4 N. Y. 270.

OPINION BY MR. CHIEF JUSTICE GREEN, February 26, 1900:

While it is true that the absence from the lease in question of express words declaring that the rent shall be paid in advance, causes some degree of doubt as to the question whether such was the intention of the parties, there are other features of the lease which tend strongly to remove that doubt. Thus it is expressly provided that, although the term of the lease is four years, it is to commence on September 15, 1899, the date of the lease being September 12, 1899, and it is further provided that the rent paying period of the lease shall not commence until November 1, 1899. The necessary meaning of this is that no rent shall be paid for the months of September and October, and the reason for this was abundantly explained by the verbal testimony of the lessee, not contradicted by the lessor or her witnesses, that he was to be allowed that period without rent to get the mill in repair. It follows, therefore, first, from the plain reading of the lease, and second, from the acts of the parties, that the first payment of rent was not to be made for any rent accrued during the months of September and October, and hence it must have been for the rent accruing during the month of November. It happens that, by the testimony of both parties it appears that this was a payment of rent in advance, and it was actually made on September 12, the day when the lease was signed. Thus the lessee, Rice, was asked: " Q. Did you say to these people that you would pay the rent in advance ? A. No, sir. Q. They did not request that of you? A. No, sir. I paid the rent far in advance at the time of the agreement. Q. You did not state that you would pay the rent in advance ? A. I made no such statement, and there was no question asked me about paying rent in advance." The witness, Jarvis Ellis, who conducted the negotiation on behalf of his mother, the lessor, was asked: " Q. When did he pay the first month's rent ? A. He paid it the very day he signed the lease. Q. That was on the 12th day of September, '99 ? A. Ninty-nine. Q. That was for the month of November ? A. For the month of November. Q. When did he pay for December? A. Second of December." Now the defendant, the lessee, gives no explanation of the circumstance that he paid, on September 12, the rent for the month of November, but the plaintiff, the lessor, and both of her sons, give a most satisfactory and convincing reason for

it when they all testify, as they do explicitly and positively, that it was agreed by the lessee and also by the lessor, that the rent should be paid in advance. On the testimony the case stands thus: the defendant says that he did not agree to pay the rent in advance, and that nothing was said on that subject, but the lessor and both her sons testify most positively that the lessee did agree to pay the rent in advance, saying it would suit him very well to do so, and they say moreover that the lessor and her sons required that it should be so paid. So that on the verbal testimony alone, and it must be recollected that this testimony was taken on a motion to open the judgment, and was therefore entirely competent, the great preponderance of the evidence is on the side of the lessor, and on that ground alone we would not interfere with the discretion of the learned court below in discharging the rule to open the judgment. But the case is made still stronger on the reading of the lease when considering its proper meaning. The payment of rent for the month of November could not have been for any part of the period of the lease prior to that date, because all payment for that period was excluded by the necessary meaning of the words of the lease. Now the words of the lease which determine the subject of payment of the rent are as follows: " The said party of the second part yielding and paying for the same unto the said party of the first part the yearly rent or sum of eight hundred dollars for the first two years, and the yearly rent or sum of one thousand dollars for the second two years, in monthly payments of sixty-six and $\frac{67}{100}$ dollars and eighty-three and $\frac{33}{100}$ dollars respectively, commencing the first day of November, 1899." It is apparent that the antecedent of the word " commencing " in the sentence is the expression " yielding and paying for the same," the rent named, " in monthly payments " of $66.67 and $83.33 respectively, and the words " commencing the first day of November, 1899," are the natural subsequent of the preceding words. So that it is not the commencement of the period during which rent is to be paid that is referred to, but the commencement of the monthly payments, that is, the lessee is to commence the monthly payments on November 1, 1899, and as there could be no rent due or payable for the precedent part of the term in September and October, the first monthly payment could only be payment for November. The

other monthly payments would follow in the same order. Hence it is fairly to be inferred that as the payments are to be made monthly, and the first monthly payment is to be made "on the first day of November," and as there could not be any rent due or payable for September or October, the only rent to which the words could apply would be the rent for the month of November. It follows that the rent for the month of November would have to be paid under the strict reading of the words of the lease, on the first day of November, and this necessarily imports payment of the rent in advance of its maturity. When it is added to the foregoing considerations that the rent for December was paid on the 2d day of December, and that the lessee sent his clerk to pay a part of the January rent on the 6th day of the month, in consequence of the fact that a check he had previously given for the amount had been refused by the bank for want of funds, and that he promised to pay the remainder by January 13, in cash, and that this part never came, it can well be said that the contemporaneous construction of the lease by the acts of the parties, was that the rent was to be paid monthly in advance. We concur entirely with the opinion of the learned court below. Whether equity will, or can, interfere to prevent a forfeiture, in view of all the circumstances of this case, is a matter which we think cannot be determined in this proceeding, which is of strict law, and the lessor is within her strict legal rights. The assignments of error are dismissed.

The order discharging the rule to show cause is affirmed with costs.